Michael K. Friedland (SBN 157,217)
michael.friedland@fciplaw.com
Nicole R. Townes (SBN 272,342)
nicole.townes@fciplaw.com
Matt Pham (SBN 341,320)
matt.pham@fciplaw.com
FRIEDLAND CIANFRANI LLP
17901 Von Karman Ave, Ste 925
Irvine, CA 92614
(949) 734-4900

Attorneys for Defendant and Counterclaimant
Joshua Baker

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TIMELESS PRODUCTION FZ LLC, a United Arab Emirates Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA BAKER, doing business as TOP FIVES<br><br>Defendant. | Case No. 4:25-cv-04459-YGR-PHK<br><br>**ANSWER TO COMPLAINT AND COUNTERCLAIM** |
| JOSHUA BAKER, doing business as TOP FIVES,<br><br>Counterclaimant,<br><br>v.<br><br>TIMELESS PRODUCTION FZ LLC, a United Arab Emirates Limited Liability Company<br><br>Counterclaim-Defendant. | |

ANSWER AND COUNTERCLAIM - 1

Defendant Joshua Baker ("Defendant" or "Baker") hereby submits its Answer and Counterclaims to Plaintiff Timeless Production FZ LLC's ("Plaintiff") Complaint as set forth below.

Each below paragraph of the Answer corresponds to the numbered paragraphs of Plaintiff's Complaint. All allegations not expressly admitted herein are denied by Baker.

## INTRODUCTION

1. Baker lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and, therefore, on that basis, Baker denies the allegations contained therein.

2. Baker lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and, therefore, on that basis, Baker denies the allegations contained therein.

3. Baker admits that Plaintiff has defined "Registered Works" as "Riding Cheapest Scooters of Congo" (US Copyright Reg No. PA 2-493-091) and "How to Mine Sulfur Directly Inside an Active Volcano-Sulfur Harvesting Process" (US Copyright Reg No. PA 2-501-531). Baker lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 and, therefore, on that basis, Baker denies those remaining allegations.

4. Baker denies that any Tekniq video identified on Exhibit A of the Complaint is infringed by Defendants. Baker lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 and, therefore, on that basis, Baker denies those remaining allegations.

5. Baker denies that any work identified in Exhibit B of the Complaint infringes any of Plaintiff's copyrights. Baker lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 and, therefore, on that basis, Baker denies those remaining allegations.

6. Baker lacks knowledge or information sufficient to form a belief as to

ANSWER AND COUNTERCLAIM - 2

the truth of the allegations in Paragraph 6 regarding Timeless' activities, or the resources Timeless spends, to combat infringement, or the activities of third parties, and, therefore, on that basis, Baker denies those allegations. Baker denies the remaining allegations of Paragraph 6.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

## THE PARTIES

12. Baker lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, therefore, on that basis, Baker denies the allegations contained therein.

13. Baker admits that the Top Fives page on YouTube indicates that the channel has more than 3 million subscribers and 2200 videos. Baker denies the remaining allegations of Paragraph 13.

14. Baker lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, therefore, on that basis, Baker denies the allegations contained therein.

## JURISDICTION AND VENUE

15. Baker admits that the Complaint purports to arise under the identified sections of the Copyright Act, California Business and Professions Code, and that the claims are based upon a common case that would ordinarily be joined in one judicial proceeding. Except as expressly admitted herein, Baker denies each and ever allegation of Paragraph 15.

16. Baker admits that this Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1338(a) and (b). Baker denies the implied allegation in Paragraph 16 that this Court has federal question jurisdiction over any claim in

ANSWER AND COUNTERCLAIM - 3

the Complaint.

17. Denied.

18. Baker admits the allegation in Paragraph 18 that Defendant consented to this Court's jurisdiction when it submitted DMCA counter notices to YouTube under 17 U.S.C. § 512(g). Baker denies the remaining allegations in Paragraph 18.

19. Denied.

## FACTUAL BACKGROUND

20. Baker lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, therefore, on that basis, Baker denies the allegations contained therein.

21. Admitted.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Baker admits the allegations in Paragraph 26 that Timeless sent DMCA notices to YouTube and Top Fives, and that YouTube removed the videos in response to those DMCA notices. Baker also admits the allegations in Paragraph 26 that counter notices were submitted in response to Timeless' DMCA notices. Baker denies the remaining allegations in Paragraph 26.

## COUNT I

### Copyright Infringement—17 U.S.C. § 501, *et seq.* Against All Defendants

27. Baker incorporates by reference the responses in the foregoing paragraphs as if fully set forth herein.

28. Baker lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and, therefore, on that basis, Baker denies the allegations contained therein.

29. Denied.

ANSWER AND COUNTERCLAIM - 4

1     30.    Denied.
2     31.    Denied.
3     32.    Denied.
4     33.    Denied.
5     34.    Denied.
6     35.    Denied.
7     36.    Denied.
8     37.    Denied.
9     38.    Denied.
10    39.    Denied.
11    40.    Denied.
12    41.    Denied.

## COUNT II

### Contributory Copyright Infringement

### Against All Defendants

16    42.    Baker incorporates by reference the responses in the foregoing paragraphs as if fully set forth herein.

18    43.    Denied.
19    44.    Denied.
20    45.    Denied.
21    46.    Denied.
22    47.    Denied.
23    48.    Denied.
24    49.    Denied.
25    50.    Denied.
26    51.    Denied.
27    52.    Denied.
28    53.    Denied.

1    54.    Denied.

## COUNT III

### Falsification of CMI—17 U.S.C. § 1202(a)

### Against All Defendants

55.    Baker incorporates by reference the responses in the foregoing paragraphs as if fully set forth herein.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Denied.

## COUNT IV

### Removal and/or Alteration of CMI—17 U.S.C. § 1202(b)

### Against All Defendants

64.    Baker incorporates by reference the responses in the foregoing paragraphs as if fully set forth herein.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Denied.

70.    Denied.

71.    Denied.

72.    Denied.

73.    Denied.

ANSWER AND COUNTERCLAIM - 6

# COUNT V

## Removal and/or Alteration of CMI—17 U.S.C. § 1202(b)

### Against All Defendants

74. Baker incorporates by reference the responses in the foregoing paragraphs as if fully set forth herein.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

# COUNT VI

## Misrepresentation of DMCA Counter Notices—17 U.S.C. § 512(f)

### Against All Defendants

79. Baker incorporates by reference the responses in the foregoing paragraphs as if fully set forth herein.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

## PRAYER FOR RELIEF

Baker denies all allegations in the Prayer for Relief of the Complaint and denies that Plaintiff is entitled to the relief requested in the Prayer for Relief, or to any relief in any amount of any kind.

## AFFIRMATIVE DEFENSES

Baker sets forth its affirmative and other defenses. Baker does not assume the burden of establishing any fact or proposition where that burden is properly imposed on Plaintiff. Baker reserves the right to assert additional affirmative and

ANSWER AND COUNTERCLAIM - 7

other defenses at the appropriate time.

## FIRST AFFIRMATIVE DEFENSE
### (Fair Use)

Plaintiff's allegations of copyright infringement are barred by the doctrine of fair use under the U.S. Constitution and under 17 U.S.C. § 107.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to State a Claim Upon Which Relief Can Be Granted)

Plaintiff has failed to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE
### (Lack of Standing)

Plaintiff lacks standing because Plaintiff has not suffered a concrete and particularized injury in fact, and does not own or control any valid right, title, or interest in the subject matter of the claims.

## FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff is barred from bringing its claims by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff is barred from bringing its claims by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiff is barred from bringing its claims by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff has waived any right to pursuit its claims.

## EIGHTH AFFIRMATIVE DEFENSE
### (Acquiescence)

Plaintiff is barred from bringing its claims by acquiescence.

## NINTH AFFIRMATIVE DEFENSE

### (Copyright Abandonment)

Plaintiff has, by its own conduct, expressly abandoned any copyright interests it may have had on the works that are the subject of this action.

## TENTH AFFIRMATIVE DEFENSE

### (Public Domain/No Copyright)

One or more of Plaintiff's copyrighted works that are the subject of this action have elements taken from the public domain that are not subject to copyright registration and upon which a copyright infringement action cannot be maintained.

# COUNTERCLAIMS AGAINST PLAINTIFF
# TIMELESS PRODUCTION FZ LLC

Defendant Joshua Baker ("Baker" or "Counterclaimant" or "Defendant"), by and through undersigned counsel, hereby assert these Counterclaims against Plaintiff Timeless Production FZ LLC ("Timeless" or "Counter defendant" or "Plaintiff") and alleges as follows:

## PARTIES

1. Counterclaimant Joshua Baker is an individual residing in North Vancouver, British Columbia, Canada.

2. On information and belief, Counter defendant Timeless Production FZ LLC is a United Arab Emirates limited liability company with a principal office in Dubai, United Arab Emirates.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Baker's declaratory judgment claim pursuant to 28 U.S.C. § 2201-2202 and 28 U.S.C. § 1338(a).

4. This Court has personal jurisdiction over Timeless because Timeless brought this case in this Court.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because a substantial part of the events or omissions giving rise to Baker's Counterclaims occurred in this District, and Baker's Counterclaims are compulsory counterclaims to this case that was brought in this venue.

## COUNTERCLAIM I
### (Declaratory Judgment of Non-infringement of Copyrights)

6. Baker incorporates by reference Paragraphs 1-5 of Baker's Counterclaims as though fully set forth herein.

7. This is a declaratory judgment action under the United States Copyright Act of 1976, 17 U.S.C. § 101 et seq. (The "Copyright Act"), and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act).

ANSWER AND COUNTERCLAIM - 10

8. Timeless contends that it owns copyrights to the "Registered Works" and that Baker infringes and contributes to the infringement of the "Registered Works."

9. An actual justiciable controversy exists because Timeless sued Baker for alleged copyright infringement in this case.

10. Baker does not infringe any of the "Registered Works" at least because every work incorporated into the videos accused of infringement was licensed.

11. Baker seeks a declaratory judgment from this Court that any of Baker's acts, including those related to the allegedly "Infringing Videos" does not constitute copyright infringement. Baker is entitled to a declaratory judgment that it is not infringing, has not infringed, and is not liable for infringing Timeless' "Registered Works."

## **COUNTERCLAIM II**

### **(Declaratory Judgment of Fair Use)**

12. Baker incorporates by reference Paragraphs 1-11 of Baker's Counterclaims as though fully set forth herein.

13. This is a declaratory judgment action under the United States Copyright Act of 1976, 17 U.S.C. § 101 et seq. (The "Copyright Act"), and 28 U.S.C. §§ 2201 and 2202 (the Declaratory Judgment Act).

14. Timeless contends that it owns copyrights to the "Registered Works" and that Baker infringes and contributes to the infringement of the "Registered Works."

15. An actual justiciable controversy exists because Timeless sued Baker for alleged copyright infringement in this case.

16. Baker does not infringe any of the "Registered Works" at least because the incorporation of any work into the videos of the Top Fives YouTube channel is for educational purposes, adds new expression, meaning, or message (constituting transformative use), and is thus fair use.

ANSWER AND COUNTERCLAIM - 11

17. Baker is entitled to a declaratory judgment that any of Baker's acts alleged to have violated Timeless' copyrights, including those related to the allegedly "Infringing Videos," constitutes fair use under U.S. Copyright law and the U.S. Constitution.

## COUNTERCLAIM III

### (Misrepresentation of DMCA Takedown Notices—17 U.S.C. §512(f))

18. Baker incorporates by reference Paragraphs 1-17 of Baker's Counterclaims as though fully set forth herein.

19. Timeless submitted false DMCA takedown notices to YouTube in violation of the DMCA to prevent YouTube visitors from accessing Baker's videos. Ex. C to Dkt. 1. In each takedown notice, Timeless represented it "ha[d] a good faith belief that the use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law" as required by 17 U.S.C. § 512(c)(3)(A)(v).

20. However, Timeless submitted these takedown notices without forming any good faith belief that Baker's use of the material asserted in its takedown notices was not authorized by law, including that the material asserted in its takedown notices was not fair use or was not licensed.

21. Timeless should have known (if it had acted with reasonable care or diligence) or should have had no substantial doubt (had they been acting in good faith) that Baker's YouTube videos did not infringe any of Timeless' copyrights on the date it sent YouTube its takedown notices.

22. Alternatively, Timeless submitted its takedown notices while having actual subjective knowledge that Baker's YouTube videos did not infringe any of Timeless' copyrights on the date it sent its takedown notices. With this actual subjective knowledge, Timeless acted in bad faith when it sent the takedown notice, knowingly and materially misrepresenting that it had concluded that the video was infringing.

23. Timeless violated 17 U.S.C. § 512(f) by knowingly and materially misrepresenting that Baker infringed Timeless' copyrights without having or forming a good faith belief that the use of the material in the manner complained of was not authorized by law.

24. As a direct and proximate result of Timeless' actions, Baker has been injured substantially and irreparably. Such injury includes the financial and personal expenses associated with responding to the claim of infringement and harm to his free speech rights under the First Amendment. Because Timeless' notices were intimidating, Baker is now fearful that someone might think some portion of Baker's videos infringe a copyright with no valid basis and accordingly pursue meritless action against Baker.

## **PRAYER FOR RELIEF**

WHEREFORE, Baker prays for the following relief:

1. A jury trial on all issues so triable;
2. That Timeless take nothing by this action;
3. That judgment be entered in favor of Baker and against Timeless;
4. That all claims against Baker be dismissed with prejudice and that all relief requested by Timeless be denied;
5. That a judgment be entered that Baker has not and does not infringe any copyrights of Timeless' "Registered Works;"
6. That a judgment be entered that any use of any and all materials referenced in the Complaint does not constitute copyright infringement.
7. That a judgment be entered that any use of any and all materials referenced in the Complaint is fair use.
8. That a judgment be entered declaring that it is the right of Baker to continue to create, distribute, and to share on YouTube any and all materials referenced in the Complaint without any threat or other interference by Timeless;
9. Injunctive relief restraining Timeless, its agents, servants, employees,

successors and assigns, and all others in concert and privity with Timeless, from bringing any lawsuit or threat against Baker for copyright infringement in connection with the Top Fives YouTube channel.

10. A judgment requiring Timeless to pay Baker all damages sustained by it due to Timeless' misrepresentations in its takedown notices pursuant to 17 U.S.C. § 512(f) or otherwise;

11. An award of reasonable attorneys' fees and non-taxable costs be granted to Baker pursuant to 17 U.S.C. § 512(f) or otherwise;

12. Prejudgment interest and costs;

13. Such other and further relief that the Court may deem just and proper.

Dated: July 23, 2025                    FRIEDLAND CIANFRANI LLP


By:*/s/ Michael K. Friedland*
Michael K. Friedland
Nicole R. Townes
Matt Pham
Attorneys for Defendant and
Counterclaimant Joshua Baker


## DEMAND FOR JURY TRIAL

Joshua Baker, hereby demands a trial by jury on all issues so triable.

Dated: July 23, 2025                    FRIEDLAND CIANFRANI LLP


By:*/s/ Michael K. Friedland*
Michael K. Friedland
Nicole R. Townes
Matt Pham
Attorneys for Defendant and
Counterclaimant Joshua Baker

ANSWER AND COUNTERCLAIM - 14