Michael K. Friedland (SBN 157217)
michael.friedland@fciplaw.com
Nicole R. Townes (SBN 272342)
nicole.townes@fciplaw.com
Matt Pham (SBN 341320)
matt.pham@fciplaw.com
FRIEDLAND CIANFRANI LLP
17901 Von Karman Ave., Ste. 925
Irvine, CA 92614
(949) 734-4900

Attorneys for Defendant and Counterclaimant, Joshua Baker

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMELESS PRODUCTION FZ LLC, a United Arab Emirates Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA BAKER, doing business as TOP FIVES,<br><br>Defendant.<br><br>JOSHUA BAKER, doing business as TOP FIVES,<br><br>Counterclaimant,<br><br>v.<br><br>TIMELESS PRODUCTION FZ LLC, a United Arab Emirates Limited Liability Company,<br><br>Counterdefendant. | Case No. 4:25-cv-04459-YGR (KAW)<br><br>DEFENDANT JOSHUA BAKER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR DISCOVERY SANCTIONS<br><br>Date: Thursday March 19, 2026<br>Time: 1:30 p.m.<br>Location: TBD |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT, pursuant to Paragraph 19 of Magistrate Judge Westmore's Civil Standing Order, Federal Rule of Civil Procedure 37, and Local Rules 7 and 37-3, on March 19, 2026 at 1:30 p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Magistrate Judge Kandis A. Westmore located at the Oakland Courthouse, or, as appropriate, by videoconference, Defendant Joshua Baker ("Defendant" or "Baker"), by and through his attorneys will move the Court to issue an order finding discovery sanctions against Plaintiff Timeless Production FZ, LLC ("Plaintiff" or "Timeless") for the reasons set forth in Defendant's Memorandum of Points and Authorities. This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Matt Pham and exhibits in support of the motion, the pleadings and papers on file in this action, and on such other evidence as may be submitted to the Court. A proposed order accompanies this Motion.

In this Motion, Defendant respectfully requests this Court order monetary discovery sanctions against Plaintiff, including all reasonable attorney fees, expenses and costs incurred by Defendant in connection with his efforts to obtain discovery responsive to his First Set of Requests for Production, First Set of Interrogatories, and Second Set of Requests for Production, as well as for any future continued depositions of Plaintiff's witnesses required by Plaintiff's late and untimely production of documents, and for the preparation of this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

After months of Defendant requesting discovery, the depositions of three of Plaintiff's key witnesses, and the close of discovery in this case, Plaintiff produced over 330 documents on January 28. This late and still deficient document production comes after the January 23 discovery cut-off in this case and two days before the January 30 deadline to bring discovery disputes to the Court's attention. While still deficient for the reasons explained in the concurrently filed discovery letters, this late

production includes important documents relating to the alleged copyrights and communications involving key witnesses that Defendant already deposed. Defendant has been prejudiced by Plaintiff's dilatory discovery conduct.

Plaintiff's conduct shows a pattern of delay and bad faith tactics; Plaintiff failed to respond to any of Defendant's discovery requests in a timely manner. Further, Plaintiff has ignored this Court's discovery order and Defendant's numerous requests for critical documents. Plaintiff delayed producing relevant documents until faced with the pending discovery motion practice. Defendant would not have needed to file several discovery letters if Plaintiff cooperated throughout the discovery process. This Court's Dkt. No. 23 ("January 15 Order") noting the impending discovery deadlines did not deter Plaintiff from engaging in its bad faith behavior and delay tactics. Accordingly, discovery sanctions are appropriate.

## I.    FACTUAL BACKGROUND

### A.    Plaintiff Refuses To Cooperate In Discovery

On September 26, 2025, Defendant sent his First Set of RFPs and First Set of Interrogatories to Plaintiff. Dkt. No. 19 at 17, 27. Plaintiff's responses were due on October 27. Fed. R. Civ. P. 34(b)(2)(A). On the October 27 deadline, Plaintiff asked for, and Defendant agreed to, a one-week extension to respond to the First Set of RFPs and Interrogatories. Ex. A at 13-14. Plaintiff continued to string Defendant along, asking for more extensions to respond, with the final extension ending on November 26. *Id.* at 12-13; Ex. B. Plaintiff failed to respond to Defendant's First Set of Discovery Requests by this date or produce any documents. *See* Pham Decl. ¶ 9.

On October 30, Defendant served his Second Set of RFPs. *Id.* ¶ 7. Defendant served deposition notices on November 3, 2025. *Id.* ¶¶ 8-9.

Defendant contacted Plaintiff to resolve Plaintiff's non-response to Defendant's First RFPs and First Set of Interrogatories. On November 13, 2025, Defendant sent a discovery letter and requested to meet and confer with Plaintiff. *See* Ex. A at 11-12. Plaintiff never responded to Defendant's discovery letter. Pham Decl. ¶ 6. On

November 24, Defendant sent Plaintiff his portion of joint discovery letter, pursuant to Paragraph 8(b) of Judge Gonzalez Rogers' Standing Order, regarding Plaintiff's non-response to Baker's First Set of RFPs and Interrogatories. Ex. C. Plaintiff did not provide its portion of the joint discovery letter. Having no other choice, Defendant filed his discovery letter without Plaintiff's portion on December 1, 2025. Dkt. No. 19.

Only after Defendant filed his December 1 discovery letter did Plaintiff make any effort to respond to any of Defendant's discovery requests. Plaintiff served responses to Defendant's First Set of Interrogatories on December 1 after Defendant's discovery letter was filed. Dkt. No. 21 at 1. Plaintiff then served responses and produced documents to Defendant's Second RFPs on December 19. *Id.* Plaintiff produced a mere 83 pages of documents. *Id.* As explained in the concurrently-filed discovery letters, Plaintiff's responses were replete with objections that Plaintiff should have known were waived. *Id.* Moreover, Plaintiff's production of documents had several deficiencies, void of documents such as the actual registered works, as explained in the concurrently-filed discovery letters.

On January 7, Defendant sent a letter explaining the deficiencies in the document production and asked for a meeting and conference. Ex. A at 11. Defendant followed up and again requested a meeting and conference on January 12. *Id.* at 10.

### B. Plaintiff Ignores The Court's Order By Failing To Supplement Discovery And Maintaining Objections To Discovery Requests

On January 15, 2026, the Court found "that Plaintiff's failure to timely respond [to Baker's First RFPs and Interrogatories] constitutes a waiver of objections to Defendant's First Set of Requests for Production and Interrogatories." Dkt. No. 23. The Court ordered the parties to meet and confer regarding supplemental document production and interrogatory responses. *Id.* Defendant promptly asked to meet and confer the next day on January 16. Ex. A at 9-10.

Since the Court's January 15 Order, Plaintiff has kept stringing Defendant along with false promises to provide discovery by certain dates. Defendant's counsel made

1  repeated requests for meetings and conferences to discuss supplementing discovery for
2  all of Defendant's discovery requests, including the First and Second RFPs and First
3  Interrogatories.  Ex. A at 8-10.  The parties eventually held a January 20 meeting and
4  conference.  *Id.* at 5.  Plaintiff agreed to supplement its responses to the First RFPs and
5  Interrogatories by Friday, January 23, but provided no update on when it would
6  produce additional documents.  *Id.*  Plaintiff also refused to confer regarding
7  Defendant's Second RFPs despite having been in possession of the meet and confer
8  letter for two weeks.  *Compare* Ex. A at 5 *with* Ex. A at 11.

9  By January 23 (the discovery cut-off date), Plaintiff still had not supplemented
10 its responses to Defendant's discovery requests or produced the vital documents
11 outlined in the concurrently-filed discovery letters.  Pham Decl. ¶ 10.

12 The parties finally met and conferred on January 26 to discuss Plaintiff's
13 deficiencies in responding to Defendant's Second RFPs despite Defendant requesting
14 this meeting since January 7.  Ex. A at 1-2.  During this meet and confer, Plaintiff's
15 counsel represented that he had just received documents from their client.  *Id.*  Plaintiff
16 did not explain why these documents were collected only after the discovery cut-off
17 even though Defendant served his discovery requests four months ago.  *Id.*  Plaintiff
18 also has not yet supplemented its written discovery responses despite promising to do
19 so by January 23.  *Id.*

20 In the meantime, Defendant had already conducted two of his four noticed
21 depositions of Plaintiff's witnesses without many of the responsive and relevant
22 documents from Plaintiff.  Pham Decl. ¶ 11.  Further, during the meet and confer,
23 Plaintiff maintained that it would withhold documents based on objections, even
24 though the Court ordered that Plaintiff had waived all objections to respond to
25 Defendant's first set of discovery requests and Plaintiff had waived all objections to
26 the second set by failing to respond in a timely manner.  Ex. A at 1-2.

27 On January 28, Plaintiff served over 330 documents comprising over 30
28 gigabytes of information.  Pham Decl. ¶ 11; *see* Ex. D at 1-2.  Defendant had already

conducted three of his four noticed depositions. Pham Decl. ¶ 11. The January 28 document production contained important communications about Defendant and this case involving witnesses that had already been deposed, specifically, Younes and Illyes Ben Fredj. *Id.*

Even after Defendant's persistent attempts to obtain discovery in a timely manner, as explained in the concurrently-filed discovery letters, several deficiencies still remain. Because Plaintiff has failed to cooperate and adhere to deadlines or promises, Defendant has spent significant time and resources trying to obtain Plaintiff's compliance with its discovery obligations. Accordingly, Defendant respectfully requests the discovery sanctions described below.

## II.     PLAINTIFF'S CONDUCT WARRANTS DISCOVERY SANCTIONS

Plaintiff has engaged in dilatory tactics that have prejudiced Defendant. Plaintiff has ignored this Court's schedule, discovery order, and Defendant's numerous requests for critical documents and discovery responses. Defendant would not have needed to file several discovery letters if Plaintiff cooperated throughout the discovery process. Instead, Plaintiff produced many documents after the discovery cut-off and two days before the deadline to bring discovery disputes. This Court's January 15 Order noting the impending discovery deadlines did not deter Plaintiff from engaging in dilatory and uncooperative discovery practices. Accordingly, discovery sanctions are appropriate.

### A.     Attorneys' Fees Should Be Awarded For Defendant's Expense To Obtain Plaintiff's Responses To Defendant's Discovery Requests

As a discovery sanction, courts in this district have awarded renumeration for the undue expense incurred to obtain compliance with discovery obligations. *See* Fed. R. Civ. P. 37(b)(2)(C); *MILOedu, Inc. v. James*, No. 3:21-cv-09261-TLT, 2022 WL 3648565, at *2-3 (N.D. Cal. Aug. 24, 2022) (awarding $38,699 in attorneys' fees for "attempts to obtain compliance" and "the preparation and filing of the letter brief" as well as for the nonmovant "advancing a series of frivolous objections"); *Davis v. Elec.*

*Arts Inc.*, No. 10-cv-03328-RS (DMR), 2018 WL 1609289, at *7 (N.D. Cal. Apr. 3, 2018) (awarding $25,000 in part for preparing discovery letter briefs, meeting and conferring, and preparing sanctions motions); *see also Hernandez v. Sessions*, No. EDCV 16-0620-JGB (KKx), 2018 WL 276687, at *3 (C.D. Cal. Jan. 3, 2018) (awarding $22,820 in preparing joint stipulation and reply). Here, Defendant seeks such renumeration for the expense he had to incur as a result of Plaintiff's failure to timely respond to all of his discovery requests and produce documents, including time preparing meet and confer letters, the concurrently-filed letter briefs, and this sanctions motion.

Defendant should be awarded attorneys' fees for his expense to obtain Plaintiff's responses to Defendant's First RFPs and Interrogatories. Before this discovery dispute was brought to the Court's attention on December 1, 2025, Plaintiff failed to serve any responses or produce any documents in response to this first set of discovery requests, even with an extra 30 days. Plaintiff's late responses were replete with frivolous objections that Plaintiff should have known were waived and do not remedy the time and expense that Defendant incurred to pursue this discovery dispute in light of Plaintiff's failure to cooperate.

Further, the Court ordered that Plaintiff had waived all of its objections on January 15, 2026. Dkt. No. 23. Despite this Order, Plaintiff is still maintaining objections in response to the first set of discovery requests—and Plaintiff has still failed to supplement its responses. Defendant should recover his legal expenses, including expenses incurred from communicating with Plaintiff, and preparing the December 1, 2025 letter brief, the January 12, 2026 reply letter, the concurrently-filed letter brief to compel discovery, and this sanctions motion.

Defendant should also be awarded attorneys' fees for his expense to obtain Plaintiff's responses to Defendant's Second RFPs. Plaintiff's responses to Defendant's Second Set of RFPs were due on December 1, 2025. However, Plaintiff served its responses and produced a mere 83 documents 18 days late. Plaintiff's responses were

1   replete with objections even though the responses were late.

2        Plaintiff then refused to discuss its deficiencies in its responses and document
3   production for Defendant's Second RFPs until January 26, even though Defendant sent
4   a letter identifying the deficiencies and requesting a meet and confer on January 7.
5   Plaintiff is still maintaining that its objections are not waived and have not
6   supplemented its responses to remove the objections.

7        Plaintiff has failed to cooperate with Defendant in discovery for this case.
8   Defendant should recover his expenses, including expenses incurred from
9   communicating with Plaintiff and preparing the concurrently-filed letter brief to
10  compel discovery for his Second RFPs, as well as for this Motion.

11       **B.    Plaintiff Should Pay For The Expense Of Any Additional Depositions
12  Due To Plaintiff's Late Production**

13       As a remedy for belated production, this Court may order parties to pay the costs
14  of continued depositions required by the late production of documents. *Funai Elec.*
15  *Co. v. Daewoo Elecs. Corp.*, No. C 04-1830 CRB (JL), 2007 WL 9735062, at *8 (N.D.
16  Cal. Mar. 28, 2007) ("the prejudice suffered by Funai will be cured by monetary
17  compensation for the time spent deposing Mr. Kang without access to the relevant tuner
18  specifications, and for the re-deposition") (*citing Zubulake v. UBS Warburg LLC*, 229
19  F.R.D. 422, 437 (S.D.N.Y. 2004) ("UBS is ordered to pay the costs of any depositions
20  or re-depositions required by the late production.")).

21       As discussed above, to keep the case on schedule, Defendant took the
22  depositions of three out of four noticed deponents (Kenneth Silvers, Illyes Ben Fredj,
23  and Younes Ben Fredj) before the discovery cut-off and the week immediately after
24  the discovery cut-off. After those depositions, Plaintiff produced over 330 responsive
25  documents on January 28. This production contained important documents such as
26  emails with the Copyright Office, and communications about Defendant involving the
27  aforementioned witnesses.
28  ///

Defendant was therefore prejudiced by taking the three aforementioned depositions without access to the documents produced on January 28. Thus, Defendant respectfully requests the Court to order Plaintiff to compensate Defendant for continued depositions of Plaintiff's witnesses required by the late production.

### III.   CONCLUSION

Plaintiff has engaged in dilatory discovery practices that have prejudiced Defendant. Plaintiff should not be rewarded for its conduct and failure to adhere to the deadlines and schedule in this case. Discovery sanctions are justified given the prejudice that has been suffered by Defendant. Accordingly, Defendant respectfully requests that the Court impose discovery sanctions, including an award of monetary sanctions for all reasonable attorney fees, expenses and costs incurred by Defendant in connection with his efforts to obtain discovery responsive to his First Set of Requests for Production, First Set of Interrogatories, and Second Set of Requests for Production, as well as for the continued depositions of Plaintiff's witnesses, and for the preparation of this motion. Defendant can provide a statement of fees, costs and expenses within 30 days of an order on this Motion.

Dated: January 30, 2026

FRIEDLAND CIANFRANI LLP

By: */s/ Matt Pham*
    Michael K. Friedland
    Nicole R. Townes
    Matt Pham

Attorneys for Defendant and Counterclaimant, Joshua Baker

**PROOF OF SERVICE**

I, Matt Pham, the undersigned, hereby declare as follows:

1. I am over the age of 18 years and am not a party to the Action. I am an associate at Friedland Cianfrani LLP in Irvine, California.

2. My email is matt.pham@fciplaw.com. My firm's office address is 17901 Von Karman Avenue, Suite 925, Irvine CA 92614.

3. On January 30, 2026, I served a true copy of Defendant Joshua Baker's Motion For Discovery Sanctions to Plaintiff Timeless Production FZ LLC's, by sending it to the following persons at the electronic mail addresses:

ANDREW K. JACOBSON, (CSBN 148583)
andy@bayoaklaw.com
BAY OAK LAW
1939 Harrison Street, Suite 929
Oakland, California 94612
Telephone: (510) 208-5500

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 30, 2026 in Irvine, California.

Matt Pham