UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMELESS PRODUCTION FZ LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA BAKER,<br><br>Defendant. | Case No. 4:25-cv-04459-YGR   (KAW)<br><br>**ORDER REGARDING 1/30/26 JOINT DISCOVERY LETTER RE DEFENDANT'S REQUESTS FOR PRODUCTION (SET TWO)**<br><br>Re: Dkt. No. 28 |

On January 30, 2026, the parties filed four joint discovery letters pertaining to fact discovery. This letter concerns the sufficiency of Plaintiff's responses to Defendant's second set of requests for production of documents. (Joint Letter, Dkt. No. 28.)

Plaintiff's deadline to respond was December 1, 2025, but Timeless did not serve responses until December 19, 2025. (Joint Letter at 2.)  On January 20, 2026, during the parties' meet and confer regarding the sufficiency of the responses, Plaintiff represented that it would produce more documents and amend its discovery responses by the January 23, 2026 fact discovery cut-off. *Id.*  Plaintiff did not meet the deadline, and, instead, informed Defendant on January 26, 2026 that it would produce those documents by January 28, 2026. *Id.*  Plaintiff produced those documents on January 28, 2026, but it did not provide supplemental discovery responses. *Id.*

Here, Defendant seeks supplemental responses to Request Nos. 55-102, and 104. (Joint Letter at 2-5.)  Plaintiff acknowledges that it needs to supplement its responses but contends that it retains the ability to object and withhold documents on the basis of privilege. (Joint Letter at 2.) In sum, the crux of the issue here is whether Plaintiff's failure to timely respond waives all objections, including privilege. "It is well established that a failure to object to discovery requests

United States District Court
Northern District of California

within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (citing *Davis v. Fendler,* 650 F.2d 1154, 1160 (9th Cir.1981)); *see also Pizzuto v. Tewalt*, 136 F.4th 855, 868 (9th Cir. 2025) (quoting *Richmark*). While some courts may grant relief from waiver "upon a proper showing," Plaintiff has made no attempt to argue why it should be granted relief from a waiver of privilege. *Lam v. City & Cnty. of San Francisco*, No. 410CV04641-PJH-LB, 2015 WL 4498747, at *2 (N.D. Cal. July 23, 2015) (finding waiver of right to object to requests for production based on untimeliness and failure to make a proper showing). Instead, Plaintiff repeatedly states that "Plaintiff will supplement its responses to the requests, with the limitation regarding privileged documents stated in the requests." (Joint Letter at 2, 3, 5.) Thus, the Court finds that Plaintiff has waived its right to object to the second set of requests for production of documents, including based on privilege, and Plaintiff's privilege objection is overruled.

Accordingly, Plaintiff is ordered to supplement its responses to the requests above within seven days of this order, and it must do so without objection. If Plaintiff has no documents responsive to any particular request, it must say so.

This resolves Dkt. No. 28.

IT IS SO ORDERED.

Dated: February 13, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge