UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMELESS PRODUCTION FZ LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOSHUA BAKER,<br><br>Defendant. | Case No. 4:25-cv-04459-YGR   (KAW)<br><br>**ORDER REGARDING 1/30/26 JOINT LETTERS RE DEFENDANT'S INTERROGATORIES  AND FIRST SET OF REQUESTS FOR PRODUCTION**<br><br>Re: Dkt. Nos. 29 & 30 |

On January 30, 2026, the parties filed four joint discovery letters pertaining to fact discovery.  One letter concerns the sufficiency of Plaintiff's responses to Interrogatory Nos. 1, 5, 7, and 8. (Joint Letter #1, Dkt. No. 29.)  Another letter concerns the sufficiency of Plaintiff's responses to Defendant's first set of requests for production of documents. (Joint Letter #2, Dkt. No. 30.)  The Court previously found that Plaintiff had waived all objections to both discovery devices for failing to serve timely responses. (Dkt. No. 23 at 1.)

### A.    Interrogatories

During the parties meet and confer, Plaintiff agreed to provide supplemental responses to the first set of interrogatories by January 23, 2026, but, as of the date of filing, had not done so. (Joint Letter #1 at 1.)

Now, Defendant seeks to compel supplemental responses to Interrogatory Nos. 1, 5, 7, and 8. (Joint Letter #1 at 1-3.) Defendant adequately explains the basis for seeking supplemental responses to these interrogatories. *Ids.* Instead of substantively responding to Defendant's rationale for each interrogatory, however, Plaintiff provided the following boilerplate language in response:

> Plaintiff's witnesses have testified to the subject matter of this interrogatory and the depositions remain open pursuant to agreement

United States District Court
Northern District of California

United States District Court
Northern District of California

among counsel that the depositions remain open pending the provision of supplemental responses. Plaintiff will supplement their response pursuant to the court's order. Due to the twelve-hour time difference between Plaintiff's counsel's office and the client, coordinating the supplemental responses have been delayed due to logistical issues.

*Ids.* These are not valid reasons for failing to fully respond to interrogatories. Indeed, any excuse regarding coordination is not well taken given that Defendant first brought this dispute to the presiding judge's attention on December 1, 2025. (*See* Dkt. No. 19.) Accordingly, Plaintiff is ordered provide supplemental responses within 7 days of this order, and it must do so without objection.

### B.    Requests for Production of Documents (Set One)

On January 20, 2026, during the parties' meet and confer regarding the sufficiency of the responses, Plaintiff represented that it would produce more documents and amend its discovery responses by the January 23, 2026 fact discovery cut-off. (Joint Letter #2 at 1.) Plaintiff did not meet the deadline, and, instead, informed Defendant on January 26, 2026 that it would produce those documents by January 28, 2026. *Id.* While Plaintiff produced over 350 documents on January 28, 2026, it did not provide supplemental discovery responses. *Id.*

### i.    Plaintiff has waived privilege

As an initial matter, Plaintiff contends that it has retained its right to object and withhold documents based on privilege. (*See* Joint Letter #2 at 4.) While the Court has already found that Plaintiff has waived all objections, even if the Court were to consider granting relief from the waiver of privilege, Plaintiff has made no attempt to explain why relief should be granted. *See Lam v. City & Cnty. of San Francisco*, No. 410CV04641-PJH-LB, 2015 WL 4498747, at *2 (N.D. Cal. July 23, 2015) (finding waiver of right to object to requests for production based on untimeliness and failure to make a proper showing). Instead, Plaintiff's portion of the letter pertaining to the waiver issue consists only of: "Plaintiff will supplement its responses to the requests, with the limitation regarding privileged documents stated in the requests." (Joint Letter #2 at 4.)

In failing to make any attempt at a proper showing that it should be granted relief from waiver, the Court finds that Plaintiff has waived privilege. As a result, Timeless is not permitted to

assert privilege as a basis to object or withhold documents in response to Defendant's first set of requests for production of documents.

### ii.    Plaintiff must supplement its responses

Here, Defendant seeks supplemental responses to all 54 requests for production. (*See* Joint Letter #2 at 1-4.)  Defendant groups the requests into five categories: 1) documents concerning Plaintiff's asserted "Registered Works"; 2) documents concerning authorship and ownership of "Registered Works"; 3) documents concerning the extent to which Plaintiff investigates and determines fair use before bringing suit or issuing DMCA Takedown Notices as well as documents relating to the fair use analysis factors; 4) documents concerning alleged damages and other remedies requested by Plaintiff; and 5) documents relating to issues such as Plaintiff's purported copyright management information ("CMI"), any litigation hold that Plaintiff may have implemented, Plaintiff's corporate organization, and Plaintiff's claims and defenses. *Id.*

For each category, Defendant addressed the ways in which he believed Plaintiff's production was deficient, including categories of documents that appeared to be missing. (*See generally* Joint Letter #2 at 1-3.)  Instead of meaningfully responding to Defendant's position, Plaintiff's position in response to each of the five categories of requests is that "Plaintiff will supplement its responses to the requests." *Id.* at 2-4. Nothing more.

Accordingly, Plaintiff is ordered to both supplement its responses to Defendant's first set of requests for production of documents and produce all responsive documents, without objection, within 7 days of this order.

This resolves Dkt. Nos. 29 & 30.

IT IS SO ORDERED.

Dated: February 13, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge