UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TIMELESS PRODUCTION FZ LLC,

Plaintiff,

v.

JOSHUA BAKER,

Defendant.

Case No. 4:25-cv-04459-YGR  (KAW)

**ORDER REGARDING 1/30/26 JOINT DISCOVERY LETTER RE DEPOSITIONS**

Re: Dkt. No. 27

On January 30, 2026, the parties filed four joint discovery letters pertaining to fact discovery. This letter concerns the depositions Defendant took of Kenneth Silvers on January 19, 2026, Illyes Ben Fredj on January 21, 2026, and Younes Ben Fredj on January 26 and 27, 2026. (Joint Letter, Dkt. No. 27.)

On January 28, 2026, Plaintiff produced over 330 documents. (Joint Letter at 1.) On January 30, 2026, Plaintiff agreed that Defendant can continue the depositions of Kenneth Silvers, Illyes Ben Fredj, and Younes Ben Fredj to question them regarding these late-produced documents. *Id.* Defendant, however, seeks an additional two hours to question Younes Ben Fredj regarding the newly produced documents.

In filing this letter, Defendant contends that Plaintiff's counsel Andrew Jacobson made and maintained many speaking objections that constituted coaching the witness, and that he instructed witnesses not to answer on grounds other than attorney-client privilege. *Id.* at 1. Defendant also brings to the Court's attention instances of inappropriate conduct by Mr. Jacobson during the respective depositions. *Id.* at 3.

The Court will address all three issues below.

//

### A.    Instructions not the answer on grounds other than privilege

First, Defendant contends that Mr. Jacobson instructed his witnesses not to answer on numerous occasions on non-privilege grounds. (Joint Letter at 2 (citing 1/26 Rough Tr. at 93:16-25, 95:9-16.)  Instructing a witness not to answer questions during a deposition, including on the grounds of relevance, is improper. *See Fitbit, Inc. v. P-Cove Enters.*, No. 17-cv-00079-EMC-KAW, 2018 WL 2215465, at *2 (N.D. Cal. May 15, 2018) ("an instruction not to answer based on relevancy is entirely improper"). "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2).

Indeed, on January 26, 2026, Mr. Jacobson objected to a question on relevancy grounds and instructed the witness not to answer. (1/26 Rough Tr. at 93:16-25.)  This objection was improper.

The Court admonishes Mr. Jacobson for instructing a deponent not to answer for reasons not set forth in Rule 30(c)(2).  Mr. Jacobson shall refrain from giving such instructions going forward.

### B.    Whether Plaintiff's counsel was coaching the witnesses

Next, Defendant contends that Mr. Jacobson was coaching his witnesses and encouraging them to not respond by interrupting the questioning with long speaking objections that prevented the witnesses from answering without attorney direction. (Joint Letter at 3.)  Rule 30 requires that objections "be stated concisely in a nonargumentative and nonsuggestive manner." Fed. R. Civ. P. 30(c)(2).  Speaking objections are those not confined to their basis (e.g. "compound" or "asked and answered"), which are improper and tantamount to coaching a witness. *Loop AI Labs Inc. v. Gatti*, No. 15-cv-00798-HSG, 2017 WL 934599, at *3 (N.D. Cal. Mar. 9, 2017), *aff'd,* 742 F. App'x 286 (9th Cir. 2018).  For example, during the Younes Ben Fredj ("Younes") deposition, defense counsel asked, "Who else was involved in creating the video entitled riding cheapest handmade cart of South America?" Mr. Jacobson objected and initiated the following exchange:

> 19 MR. JACOBSON: I'm going to -- before you
> 20 answer, Younes, I'm going to object. It's vague, Matt,
> 21 when you say who else. Can you be more specific who

United States District Court
Northern District of California

United States District Court
Northern District of California

22 else other than Timeless, other than Timeless and the
23 videographer? I –
24 Q. Okay this is the kind of objection that is
25 leaning on, like, the coaching end. I think the

[Page 36]

1 objection needs to be very succinct. Objection. Vague.
2 I'm going to repeat my question.
3 Younes, who else was involved in creating the
4 video entitled riding cheapest handmade cart of South
5 America?
6 MR. JACOBSON: Objection. It's vague. I've
7 already told you why. And I'm addressing you, Matt, not
8 Mr. Ben Fredj.
9 Q. Younes.
10 A. Yes.
11 Q. Who else was involved in making the video
12 entitled riding cheapest handmade cart of South America?
13 MR. JACOBSON: Objection. Vague. Asked –
14 A. I don't understand your question.
15 MR. JACOBSON: Yeah.
16 MR. PHAM: I'd like to put on the record that
17 after attorney Andrew Jacobson objected and made a long
18 argumentative objection about the question being vague
19 the witness Younes then said he did not understand the
20 question.

(1/26 Rough Tr. at 36:17-37:20.) When the questioning resumed, the witness testified that he did

not understand the question "as my attorney said." *Id.* at 38:5-16.  Defense counsel asked the

witness to clarify:

17 Q. So did you just take your attorney's
18 instruction that the question I just asked was vague?
19 A. Yeah, that's why I cannot respond since four
20 time. You're asking the same question since four to
21 five times.

*Id.* at 38:17-21.  Later, after Mr. Jacobson raised a speaking objection on relevancy grounds and

instructed the Younes not to answer, defense counsel reminded Mr. Jacobson that he needed a

clear answer from the witness, and the witness responded, "I have the same opinion as him. You

are talking about something that has nothing to do with this court case." *Id.* at 92:23-94:13. These

exchanges are remarkably inappropriate.

In opposition, Plaintiff contends that
counsel's objections and instructions were made in good faith,
consistent with the rules, and necessary to protect the witness from
improper questioning. At no point did counsel impede, delay, or
frustrate the fair examination of the deponent. Where questioning
became harassing or cumulative, counsel acted to preserve the orderly

3

conduct of the deposition and to protect the witness's rights.

(Joint Letter at 3.)  The Court cannot fathom how counsel's conduct could have possibly been in good faith or consistent with the Federal Rules of Civil Procedure given the repeated speaking objections, some of which instructed witnesses how to answer or not to answer at all.  Based on counsel's conduct, the Court finds that Defendant's deposition was sufficiently disrupted to warrant additional time, and, therefore, it grants Defendant's request for an additional two hours to question Younes Ben Fredj.

To clarify, "[a]ll attorneys defending depositions in this litigation (1) shall state the basis for an objection, and no more (e.g., "relevance," "compound," "asked and answered"); (2) shall not engage in speaking objections or otherwise attempt to coach deponents; and (3) shall not direct a deponent to refuse to answer a question unless the question seeks privileged information." *Loop AI Labs Inc.,* 2017 WL 934599, at *2.

### C.    Plaintiff's Counsel's conduct

Finally, and perhaps most troubling, is Defendant's contention that Mr. Jacobson's conduct during the depositions was inappropriate at times. (Joint Letter at 3.)  The excerpts of the rough transcripts show Mr. Jacobson calling defense counsel names, such as calling Matt Pham "Mr. Obvious" and berating Mr. Pham for making a record that Mr. Jacobson's lengthy objection constituted coaching the witness. (1/26 Rough Tr. at 36:17-38:4.)  In another deposition, Mr. Jacobson told Mr. Pham that he was not entitled to be on the deposition call and said, "I don't need a lecture from you about how to do my job. I've been doing it for 35 years." (1/21 Rough tr. at 57:20-23, 58:21-60:25.)

Plaintiff's position did not address counsel's conduct other than to argue that "Plaintiff's counsel acted zealously within the bounds of the rules and only to prevent improper questioning of his client witness." (Joint Letter at 4.)  Based on the rough transcripts, the Court has difficulty squaring Mr. Jacobson's comments - which, at best, are attempts to denigrate Mr. Pham because of his age and relative lack of experience—with zealous advocacy.  To be clear, this behavior is not appropriate, and Mr. Jacobson is directed to review the Northern District's Guidelines for Professional Conduct, section 9. While the Court is confident that the parties can proceed

4

professionally going forward, in the event of similar behavior, the Court will not hesitate to impose sanctions *sua sponte* and will consider a referral to the Standing Committee on Professional Conduct.

This resolves Dkt. No. 27.

IT IS SO ORDERED.

Dated: February 13, 2026

_____
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

5