ANDREW K JACOBSON (CSBN: 148583)
andy@bayoaklaw.com
**BAY OAK LAW**
1939 Harrison St Suite 929
Oakland, CA 94612
Telephone: (510) 208-5500

Attorney for Plaintiff
Timeless Production FZ LLC

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMELESS PRODUCTION FZ LLC., A UNITED ARAB EMIRATES LIMITED LIABILITY COMPANY,<br><br>   Plaintiff,<br><br>v.<br><br>JOSHUA BAKER DBA TOP FIVES, AND DOES 1-10, INCLUSIVE,<br><br>   Defendants.<br><hr><br>JOSHUA BAKER DBA TOP FIVES,<br><br>   Counterclaimant,<br><br>v.<br><br>TIMELESS PRODUCTIONS FZ LLC, A UNITED ARAB EMIRATES LIMITED LIABILITY COMPANY,<br><br>   Counterclaim-Defendant. | Case No.: 4:25-cv-04459-YGR (KAW)<br><br>**PLAINTIFF TIMELESS PRODUCTION FZ LLC'S MEMORANDUM OF POINTS AND AUTHORITES IN OPPOSITION TO DEFENDANT JOSHUA BAKER'S MOTION FOR DISCOVERY SANCTIONS** |

Plaintiff Timeless Production FZ LLC ("Plaintiff" or "Timeless") hereby submits its Opposition to the Motion for Discovery Sanctions of Defendant Joshua Baker ("Defendant" or "Baker"). The Motion should be denied because Plaintiff substantially complied with its discovery obligations, acted in good faith, and any delays were justified, cured, and non-prejudicial. Sanctions under Federal Rule of Civil Procedure 37 are discretionary and inappropriate under the circumstances presented here.

## I.  INTRODUCTION

Defendant seeks monetary sanctions based on an exaggerated and one-sided narrative of the discovery process. While discovery in this matter was contentious and involved logistical complications—including overseas witnesses located in a time zone twelve hours ahead of Plaintiff's counsel and voluminous electronically stored information—Plaintiff acted reasonably, communicated with Defendant, produced substantial discovery, and cured any alleged deficiencies prior to the filing and hearing of this Motion. Sanctions are not intended to punish parties for discovery disputes or minor delays that do not result in material prejudice.

## II.  LEGAL STANDARD

"The protections and sanctions found in the discovery rules are not absolute and contemplate the use of judicial discretion." *Marshall v. Ford Motor Co.*, 446 F. 2d 712 (1971), 713; 1971 U.S. App. LEXIS 8522, at *3. Rule 37 sanctions are not automatic. The Court must consider whether the non-moving party's conduct was substantially or whether stances make an award of expenses unjust. Courts in the Northern District of California routinely deny sanctions where the responding party acted in good faith, engaged in meet-and-confer efforts, and ultimately produced the requested discovery. Here, Plaintiff has produced all of the requested discovery, without objection, contrary

to the moving papers. Defendant asserts that Plaintiff failed to obey the Court's January 15, 2026 discovery order. Dkt. 23. Plaintiff participated in the meet and confer in good faith and has since produced fully compliant responses.

### III. ARGUMENT

#### A. Plaintiff Acted in Good Faith and Substantially Complied With Discovery Obligations

Contrary to Defendant's characterization, Plaintiff did not refuse to participate in discovery. Plaintiff communicated with Defendant regarding extensions, explained internal and logistical issues affecting collection, and ultimately produced more than 345 documents comprising over 30 gigabytes of data and additional video files comprising 261 gigabytes of data on January 28, 2026, prior to the filing of this motion for sanctions. Additionally, Plaintiff timely and fully complied with Magistrate Judge Westmore's February 13, 2026 discovery orders. Dkt. Nos. 32, 33 & 34. *See* Declaration of Andrew K. Jacobson, Exhibit A. The scope and volume of these productions undermine any claim of bad faith or intentional obstruction.

Any initial delays were the result of inadvertent administrative error and the complexity of coordinating document collection and witness preparation involving individuals and data located abroad. Defendant's own moving papers document Plaintiff's willingness to meet and confer regarding the outstanding discovery, and ultimately, provide the outstanding responses. Courts routinely recognize that such circumstances constitute substantial justification under Rule 37.

#### B. Plaintiff Cured Any Alleged Deficiencies and There Is No Ongoing Discovery Violation

By the time Defendant filed the Motion, Plaintiff had already produced the bulk of responsive documents and agreed to continue cooperating regarding any remaining

issues. Plaintiff provided all documentation by the Court-ordered deadline of February 20, 2026.  The purpose of Rule 37 is to secure compliance—not to impose punishment after compliance has been achieved. Because Plaintiff cured the alleged deficiencies, sanctions are unwarranted.

### C.  Defendant Has Not Demonstrated Actual Prejudice

Defendant bears the burden of demonstrating actual prejudice resulting from the alleged discovery delays. General assertions of inconvenience or additional expense are insufficient. Defendant chose to proceed with depositions despite knowing that document production was ongoing and cannot now claim prejudice based on strategic decisions of his own making.

Moreover, Defendant has not identified any specific document that would have materially altered deposition testimony or litigation strategy. Without a concrete showing of harm, sanctions are improper.

Finally, Plaintiff has repeatedly agreed to keep the depositions of the witnesses open pursuant to the provision of the outstanding discovery responses.

### D. An Award of Attorneys' Fees Would Be Unjust

Even if the Court finds some technical noncompliance, Rule 37 expressly prohibits fee-shifting where the responding party's conduct was substantially justified or where an award would otherwise be unjust. Given Plaintiff's good-faith efforts, substantial production, and willingness to meet and confer, shifting fees would be inequitable.

### IV. CONCLUSON

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion for Discovery Sanctions in its entirety. In the alternative, Plaintiff

requests that any relief be narrowly tailored and that no monetary sanctions be imposed.

Dated: Wednesday, February 25, 2026    **BAY OAK LAW**

By: _____
ANDREW K. JACOBSON
Counsel for Timeless Production FZ LLC